UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DISH NETWORK L.L.C.,<br>ECHOSTAR TECHNOLOGIES L.L.C., and<br>NAGRASTAR LLC, | **DECISION<br>and<br>ORDER** |
| Plaintiffs, | |
| v. | 11-CV-00500A(F) |
| WILLIAM SCOTT, | |
| Defendant. | |

---

APPEARANCES:   HAGAN NOLL & BOYLE LLC
             Attorneys for Plaintiffs
             STEPHEN MATTHEW FERGUSON, of Counsel
             820 Gessner
             Suite 940
             Houston, Texas 77024

             COUGHLIN & GERHART, LLP
             Attorneys for Plaintiffs
             ROBERT R. JONES, of Counsel
             19 Chenango Street
             P.O. Box 2039
             Binghamton, New York 13902-2039

             WILLIAM SCOTT, *Pro Se*
             6251 Raymond Road
             Lockport, New York 14094

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on August 22, 2011, for all pretrial matters. Pending before the undersigned is Plaintiffs' motion (Doc. No. 17), filed January 9, 2012, for an order directing Defendant to appear and show cause why sanctions, including striking the answer and entry of default judgment, should not be granted.

## BACKGROUND and FACTS[1]

Plaintiff DISH Network L.L.C. ("DISH Network"), is a multi-channel video provider delivering video, audio, and data services via a direct broadcast high-powered satellite system to more than 14 million subscribers who pay a fee to receive such services. Plaintiff EchoStar Technologies L.L.C. ("EchoStar"), designs and delivers to DISH Network subscribers the various equipment, components and cabling necessary to receive DISH Network satellite programming services. NagraStar LLC ("NagraStar"), provides smart cards and other technology to DISH Network forming a proprietary conditional access system, Digital Nagra Advanced Security Process, ("the access system"), which provides smart cards to DISH Network's authorized subscribers allowing DISH Network to control what programming subscribers, based on their subscriptions, can receive.

On June 16, 2011, Plaintiffs filed a complaint alleging Defendant Scott Williams ("Williams"), unlawfully circumvented DISH Network's security system and received copyrighted, subscription-based DISH Network satellite television programming without authorization by or payment to DISH Network. Defendant allegedly engaged in such unlawful activity by subscribing to a pirate television service operated by www.dark-angel.ca ("Dark Angel"), located in Canada. DISH Network sued Dark Angel in Canada, and Dark Angel's business records and computer server that DISH Network seized as part of that lawsuit revealed Defendant was a subscriber to Dark Angel's pirated television services, allowing Defendant to illegally decrypt DISH Network's satellite

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

signal and view copyrighted satellite television programming without authorization or payment.  Plaintiffs assert claims against Defendant under the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1) ("First Claim for Relief"), the Communications Act of 1934, 47 U.S.C. § 605(a) ("Second Claim for Relief"), and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520.  Plaintiffs seek a permanent injunction restraining and enjoining Defendant from circumventing DISH Network's security system or otherwise receiving without authorization DISH Network's satellite transmissions of television programming, statutory damages available under the Digital Millennium Copyright Act, the Communications Act, and the Electronic Communications Privacy Act ("the Acts"), and costs, including reasonable attorneys' fees and investigative expenses, also available under the Acts.

Defendant's answer (Doc. No. 7), was filed on August 19, 2011, by Plaintiffs' attorney, Robert R. Jones ("Jones").  A docket "Staff Note" dated August 22, 2011, indicates someone from this court's Clerk's Office contacted Jones to inquire why Jones filed Defendant's answer, and Jones explained that he filed the answer because Defendant, who is *pro se*, had not forwarded the answer to the Clerk's Office.  By order filed September 21, 2011 (Doc. No. 11) ("Sept. 21, 2011 Order"), the parties were advised that a Scheduling Conference was set for November 3, 2011.  At the November 3, 2011 Scheduling Conference held before the undersigned, Stephen Matthew Ferguson, Esq, ("Ferguson"), appeared for Plaintiffs, but Defendant did not appear, nor did any attorney appear on Defendant's behalf.  According to this court's Scheduling Order dated November 4, 2011 (Doc. No. 14) ("Scheduling Order"), compliance with the mandatory disclosure requirements of Fed.R.Civ.P. 26(a)(1) ("Rule

26(a)(1)"), was to be accomplished by November 17, 2011, discovery was to conclude by February 16, 2012, and the case was referred to mediation with the parties directed to confer and select a mediator, and file a stipulation confirming their selection by December 5, 2011, with the first mediation session to be held by January 17, 2012.

On November 3, 2011, Plaintiffs served Defendant with their first set of interrogatories, requests for production, and requests for admission ("Plaintiffs' discovery demands").  On November 16, 2011, Plaintiffs served Defendant with Plaintiffs' initial disclosures pursuant to Rule 26(a)(1), requesting Defendant provide Plaintiffs with the same.  To date, Defendant has not provided any responses to Plaintiffs' discovery demands, nor any Rule 26(a)(1) disclosures.

Although the Scheduling Order directed the parties file a stipulation confirming their selection of a mediator by December 5, 2011, and the parties had agreed to the selection of Kevin M. Hogan, Esq. ("Hogan"), as the mediator with the first mediation session scheduled for January 17, 2012, Plaintiffs were unable to obtain Defendant's signature on the mediation stipulation until December 12, 2011 (Doc. No. 15) (Selection of Mediator Stipulation"), or to file the Selection of Mediator Stipulation until December 13, 2011.  Since filing the Selection of Mediator Stipulation, Hogan's repeated attempts to confer with the parties regarding a propose mediation agreement and the procedures for the January 17, 2012 mediation session have been fruitless because Defendant has not responded to any of Hogan's emails nor signed any mediation agreement. Plaintiffs' attorney's telephone calls to Defendant regarding mediation have also gone unanswered.

Plaintiffs' inability to obtain Defendant's cooperation with initial and court-ordered

discovery, as well as the scheduled mediation, caused Plaintiffs to file, on January 9, 2012, the instant motion (Doc. No. 17) ("Plaintiffs' motion") seeking a court order directing Defendant to appear and show cause why sanctions, including the severe sanction of striking the answer and entering default judgment against Defendant, should not be imposed, as well as granting Plaintiffs relief from the required alternative dispute resolution ordered by the Scheduling Order. Plaintiffs' motion is supported by the attached Declaration of Stephen M. Ferguson (Doc. No. 17-1) ("Ferguson Declaration"), with attached exhibits 1 through 8 ("Plaintiffs' Exh(s). __"), and a memorandum of law (Doc. No. 17-2) ("Plaintiffs' Memorandum"). Despite this court's order filed January 23, 2012 (Doc. No. 19), directing Defendant to file his response in opposition to Plaintiffs' motion by February 17, 2012, to date, Defendant has not filed any response. Oral argument was deemed unnecessary.

Based on the following, Plaintiffs' motion is GRANTED.

## **DISCUSSION**

Fed.R.Civ.P. 37(b)(2)(A) ("Rule 37(b)(2)(A)"), provides the district court with wide discretion to impose sanctions against a party for failing to comply with court-ordered discovery, including, as relevant to the instant case, the severe sanctions of "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party . . . .". Fed.R.Civ.P. 37(b)(2)(A)(iii) and (vi). Although resolution of litigation on the merits is preferred, *see Marfia v. T.C. Ziraat Bankasi, New York Branch*, 100 F.3d 243, 249 (2d Cir. 1996) ("This [2d Circuit] Court [of Appeals] has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by

default." (internal quotation and citations omitted)), nevertheless, Rule 37 sanctions are applicable in 'extreme circumstances,' where 'a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (internal citation omitted). *See also Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990) ("[D]ismissal with prejudice is a harsh remedy to be used only in extreme situation, and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." (internal quotation marks and citations omitted)).  There are several factors to be considered by the district court in exercising its discretion to impose Rule 37(b) sanctions, including "(1) the willfulness of the noncompliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortgage Corporation*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and alteration omitted).

     The most severe sanctions, however, must not be imposed against a party who is proceeding *pro se* until and unless a warning has been given that noncompliance can result in such sanction.  *Bobal*, 916 F.2d at 764 (holding district court, prior to imposing severe sanction of dismissal against *pro se* plaintiff for failing to appear at deposition and walking out of pre-trial conference, must inform plaintiff that violation of court order would result in dismissal of her action with prejudice); *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (affirming dismissal sanction against *pro se* plaintiff who failed to appear for deposition where the record established the plaintiff's

6

"sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action"). Provided a *pro se* litigant is properly warned, even the most severe sanctions, including striking an answer and entry of default judgment, may be imposed for failing to comply with court-ordered discovery. *See United States Freight Company v. Penn Central Transportation Co.*, 716 F.2d 954, 955 (2d Cir. 1983) (holding district court acted within scope of discretion where entry of default judgment was imposed against defendants for failing to comply with discovery order, of which defendants had received proper notice and were advised of hazards of noncompliance).

In the instant case, the record establishes that Defendant has repeatedly failed to comply with court-ordered discovery, including failing to attend the November 3, 2011 scheduling conference, as directed by the September 21, 2011 Order, failing to comply with the November 4, 2012 Scheduling Order directing the exchange of Rule 26(a) disclosures, and setting the deadline for discovery, as well as failing to timely sign the Selection of Mediator Stipulation. The record also indicates no mediation session has ever been conducted before Hogan or any other mediator. In short, Defendant's lack of compliance with court orders and complete failure to participate in discovery strongly suggests Defendant has no intention of defending the claims asserted by Plaintiffs in the Complaint.

As such, Plaintiffs' motion for a court order directing Defendant to show cause why he should not be sanctioned pursuant to Rule 37(b)(2)(A)(iii) and (vi) for failing to comply with discovery is GRANTED. Further, Plaintiffs' request to be relieved of their

obligation pursuant to the November 4, 2011 Scheduling Order regarding mediation is GRANTED.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for Defendant to show cause why sanctions, including entry of default judgment, should not be imposed, and for relief from the November 4, 2011 Scheduling Order insofar as it directs the parties to engage in mediation (Doc. No. 17), is GRANTED.  Defendant shall have **ten (10) days** from the date of this Order to show good cause to excuse his conduct in failing to comply with discovery.

**DEFENDANT IS ADMONISHED THAT FAILURE TO SHOW GOOD CAUSE FOR NOT COMPLYING WITH DISCOVERY MAY RESULT IN STRIKING THE ANSWER AND ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT, INCLUDING STATUTORY DAMAGES IN THE FULL AMOUNT SOUGHT BY PLAINTIFFS AND PAYMENT OF REASONABLE EXPENSES INCLUDING ATTORNEY'S FEES.**

SO ORDERED.

/s/ *Leslie G. Foschio*

--------------------------------------

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    September  4th  , 2012
          Buffalo, New York