UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DISH NETWORK L.L.C.,
ECHOSTAR TECHNOLOGIES L.L.C., and                    **REPORT**
NAGRASTAR LLC,                                              **and**
                                                   **RECOMMENDATION**
                              Plaintiffs,                   **and**
                    v.                                    **ORDER**

WILLIAM SCOTT,                                       **11-CV-00500A(F)**

                              Defendant.

_____

APPEARANCES:          HAGAN NOLL & BOYLE LLC
                      Attorneys for Plaintiffs
                      STEPHEN MATTHEW FERGUSON, of Counsel
                      820 Gessner
                      Suite 940
                      Houston, Texas 77024

                      COUGHLIN & GERHART, LLP
                      Attorneys for Plaintiffs
                      ROBERT R. JONES, of Counsel
                      19 Chenango Street
                      P.O. Box 2039
                      Binghamton, New York 13902-2039

                      WILLIAM SCOTT, *Pro Se*
                      6251 Raymond Road
                      Lockport, New York 14094


## **JURISDICTION**

This case was referred to the undersigned by Honorable Richard J. Arcara on

August 22, 2011, for all pretrial matters.  Pending before the undersigned is Plaintiffs'

motion (Doc. No. 17), filed January 9, 2012, for an order striking Defendant's answer as

a sanction for failing to comply with discovery, and entry of default judgment, and for

summary judgment (Doc. No. 18), filed January 18, 2012.

### BACKGROUND and FACTS[1]

Plaintiff DISH Network L.L.C. ("DISH Network"), is a multi-channel video provider delivering services to subscribers who pay a fee to receive such services.  Plaintiff EchoStar Technologies L.L.C. ("EchoStar"), designs and delivers to DISH Network subscribers the equipment necessary to receive DISH Network satellite programming services, and NagraStar LLC ("NagraStar"), provides DISH Network with the technology forming a proprietary conditional access system, Digital Nagra Advanced Security Process, ("the access system"), which regulates what DISH Network programming DISH Network's authorized subscribers, based on their subscriptions, can receive.

On June 16, 2011, Plaintiffs filed a complaint alleging Defendant Scott Williams ("Williams"),  by subscribing to a pirate television service operated by www.dark-angel.ca ("Dark Angel"), located in Canada, unlawfully circumvented DISH Network's security system and received copyrighted, subscription-based DISH Network satellite television programming without authorization by or payment to DISH Network.  Plaintiffs assert claims against Defendant under the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1) ("First Claim for Relief"), the Communications Act of 1934, 47 U.S.C. § 605(a) ("Second Claim for Relief"), and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520.   Defendant's answer (Doc. No. 7), was filed on August 19, 2011.

Plaintiffs' inability to obtain Defendant's cooperation with initial and court-ordered discovery, as well as mediation, caused Plaintiffs to file, on January 9, 2012, the instant

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

motion (Doc. No. 17) ("Plaintiffs' Sanctions Motion") seeking a court order directing

Defendant to appear and show cause why sanctions, including the severe sanction of

striking the answer and entering default judgment against Defendant, should not be

imposed, as well as granting Plaintiffs relief from the required alternative dispute

resolution ordered by the Scheduling Order.  Plaintiffs' Sanctions Motion is supported

by the attached Declaration of Stephen M. Ferguson (Doc. No. 17-1) ("Ferguson

Declaration"), with attached exhibits 1 through 8 ("Plaintiffs' Exh(s). __"), and a

memorandum of law (Doc. No. 17-2) ("Plaintiffs' Memorandum").  Despite this court's

order filed January 23, 2012 (Doc. No. 19), directing Defendant to file his response in

opposition to Plaintiffs' Sanctions Motion by February 17, 2012, Defendant did not file

any response.

On January 17, 2012, Plaintiffs filed a motion for summary judgment (Doc. No.

18) ("Plaintiffs' Summary Judgment Motion"), for which Defendant, by Order filed

January 23, 2012 (Doc. No. 19), was given until February 17, 2012 to file a response.

Defendant did not timely file any response to Plaintiffs' Summary Judgment Motion.

On September 4, 2012, Plaintiffs' Sanctions Motion was granted insofar as

Defendant was ordered to show cause why the answer should not be stricken as a

sanction for failing to comply with discovery and to participate in mediation, which would

allow entry of default judgment against Defendant.  Order to Show Cause (Doc. No.

20), at 8.  In a separate order filed September 4, 2012 (Doc. No. 21) ("Summary

Judgment Order"), Defendant was given ten days to file a response in opposition to

Plaintiffs' Summary Judgment Motion, and admonished that failure to timely respond

could result in granting summary judgment in favor of Plaintiffs.  Summary Judgment

Order at 2.  The undersigned also noted that the entry of default judgment against Defendant would render moot Plaintiffs' Summary Judgment Motion.  *Id.* at 2 n. 1.

By letter dated September 14, 2012 (Doc. No. 22) ("Letter Response"), Defendant explains that he had assumed the instant action was "dropped" by Plaintiff, but that he was still interested in "fighting these allegations."  Oral argument was deemed unnecessary.

Based on the following, Plaintiffs' Sanctions Motion (Doc. No. 17) should be GRANTED insofar as Plaintiffs seek to strike the answer and enter default judgment against Defendant; Plaintiffs' Summary Judgment Motion (Doc. No. 18), is DISMISSED as moot, without prejudice.

## DISCUSSION

The district court has wide discretion to impose sanctions against a party for failing to comply with court-ordered discovery, including, the severe sanctions of "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party . . . .".  Fed.R.Civ.P. 37(b)(2)(A)(iii) and (vi).  Rule 37 sanctions are applicable in 'extreme circumstances,' where 'a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault."  *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (internal citation omitted).  *See also Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990) ("[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." (internal quotation marks and citations omitted)).  Factors to be

considered by the district court in exercising its discretion to impose Rule 37(b)

sanctions include "(1) the willfulness of the noncompliant party or the reason for the

noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

noncompliance; and (4) whether the non-compliant party had been warned of the

consequences of noncompliance." *Agiwal v. Mid Island Mortgage Corporation*, 555

F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and alteration omitted).

In the instant case, the record establishes that Defendant has repeatedly failed

to comply with court-orders, including court-ordered discovery.  Specifically, Defendant

has failed to attend the November 3, 2011 scheduling conference, as directed by the

September 21, 2011 Order, failed to comply with the November 4, 2011 Scheduling

Order (Doc. No. 14) ("Scheduling Order") directing the exchange of Rule 26(a)

disclosures by November 17, 2011, establishing that discovery was to conclude by

February 16, 2012, and referring the case to mediation with the parties directed to

confer and select a mediator, and file a stipulation confirming their selection by

December 5, 2011, with the first mediation session to be held by January 17, 2012.

Although Plaintiffs served Defendant on November 3, 2011, with their first set of

interrogatories requests for production, and requests for admission ("Plaintiffs'

discovery demands"), and served Defendant on November 16, 2011 with Plaintiffs'

initial disclosures pursuant to Rule 26(a)(1), requesting Defendant provide Plaintiffs with

the same, to date, Defendant has not provided any responses to Plaintiffs' discovery

demands, nor any Rule 26(a)(1) disclosures.

Further, despite the Scheduling Order's direction that the parties file a stipulation

confirming their selection of a mediator by December 5, 2011, and the parties agreeing

to the selection of Kevin M. Hogan, Esq. ("Hogan"), as the mediator with the first

mediation session scheduled for January 17, 2012, Plaintiffs were unable to obtain

Defendant's signature on the mediation stipulation until December 12, 2011 (Doc. No.

15) (Selection of Mediator Stipulation"), or to file the Selection of Mediator Stipulation

until December 13, 2011.  Upon filing the Selection of Mediator Stipulation, Hogan's

repeated attempts to confer with the parties regarding a propose mediation agreement

and the procedures for the January 17, 2012 mediation session were fruitless because

Defendant failed to respond to any of Hogan's emails or to sign any mediation

agreement, and Plaintiffs' attorney's telephone calls to Defendant regarding mediation

went unanswered.  Ferguson maintains Defendant has not answered or returned any of

Ferguson's calls or emails since December 12, 2011.  Ferguson Declaration ¶ 7 and

Plaintiffs' Exh. 8 (copies of emails from Ferguson and Hogan regarding mediation,

which were also sent to Defendant without any response).  As a result of Defendant's

failure to respond to attempts to schedule mediation, no mediation session was ever

held.

In opposition to Plaintiffs' Sanctions Motion, Defendant asserts that it was his

understanding, based on Plaintiffs' counsel's cancellation of the mediation, that

Plaintiffs had "dropped" the matter.  Letter Response at 1.  Defendant further maintains

that he does intend to continue litigating the allegations against him.  *Id.*  Defendant's

response in opposition to Plaintiffs' motions is, however, insufficient to avoid entry of

default.

In particular, Defendant, in his Letter Response, fails to explain or offer any

reason or excuse for his lack of compliance with court orders and failure to participate

in discovery and mediation.[2]   Significantly, copies of relevant emails exchanged

between Hogan and the parties submitted by Plaintiffs in support of their motion for

sanctions, the authenticity of which Defendant does not challenge, corroborates the

difficulties Plaintiffs describe in trying to obtain Defendant's cooperation with mediation

as well as in obtaining Defendant's required responses to discovery.  *See* Plaintiffs'

Exhs. 1 through 8.[3]   Defendant's assertion that he assumed, based on Ferguson's

cancellation of the mediation session, that Plaintiffs had "dropped" the case, Letter

Response at 1, is implausible, especially given that a plain reading of Plaintiffs's

Sanctions Motion and Summary Judgment Motion, establish Plaintiffs were, since

January 2012, seeking termination of the action in their favor based on Defendant's

continued noncompliance, to which Defendant, despite being ordered to file his

response by February 17, 2012, January 23, 2012 Order (Doc. No. 19), failed to file any

response.  Defendant does not assert he was not served with Plaintiffs' motions, nor

does Defendant's response contest Plaintiffs' allegations of Defendant's refusal to

respond to mediation attempts and required discovery.  As such, Defendant's failures to

respond, despite being warned that Defendant's inaction may warrant entry of a default

judgment against him, remain unexcused, such that Defendant's noncompliance with all

court orders and discovery can only be considered willful.

The efficacy of lesser sanctions is not realistic given that, despite being

specifically warned that failure to show good cause for not complying with court-ordered

---

[2] The court notes that the Letter Response, the substance of which is comprised of a single paragraph of nine lines, does not indicate whether it was filed in response to Plaintiffs' Sanctions Motion or Summary Judgment Motion.

[3] Plaintiffs' exhibits are attached to Plaintiff's Motion for Sanctions.

discovery and mediation could result in the court striking Defendant's answer and

entering default against Defendant, the only excuse contained in Defendant's Letter

Response is so illogical and unreasonable as to be the equivalent of no response.  *See*

*Securities and Exchange Commission v. Setteducate*, 419 Fed.Appx. 23, 25 (2d Cir.

2011) ("the record demonstrates that a lesser sanction would have been ineffective in

light of [*pro se* defendant's] repeated and unwavering refusal to attend his deposition.").

As to the duration of Defendant's non-compliance, the record establishes that

Defendant's only participation in this action since filing his answer on August 19, 2011,

was to confer with Plaintiffs by telephone on October 13, 2011 with regard to the

proposed discovery plan and case management order, *see* Joint Proposed Discovery

Plan and Proposed Case Management Order (Doc. No. 12), filed October 20, 2011,

and to sign on December 12, 2011, the Stipulation of Selection of Mediator (Doc. No.

15), albeit one week after the deadline as established by the November 4, 2011

Scheduling Order, and only after Plaintiffs and Hogan repeatedly emailed and placed

telephone calls to Defendant in an effort to obtain Defendants' cooperation.  Ferguson

Declaration ¶¶ 5 and 6; Plaintiffs' Exhs. 5-7.  Despite belatedly obtaining Defendant's

signature on the Stipulation of Selection of Mediator, Defendant continued to fail to

respond to emails and telephone calls seeking to confer and discuss mediation

procedures, resulting in a cancellation of the mediation.  Ferguson Declaration ¶ 7;

Plaintiffs' Exh. 8.  Such failure to participate in discovery and cancellation of court-

ordered mediation has delayed litigation of this matter.  Significantly, the Second Circuit

Court of Appeals has affirmed the striking of a *pro se* defendant's answer and entry of

default judgment under similar circumstances.  *See Sette*, 419 Fed.Appx. at 24-25 (*pro*

*se* defendant repeatedly failed to comply with court ordered discovery, despite being

scheduled in accordance with dates chosen by the defendant, such that defendant's

"behavior was consistent with a deliberate strategy to delay resolution of the case. . . .").

Furthermore, although the most severe sanctions should not be imposed against

a *pro se* litigant absent a warning that noncompliance can result in such sanctions,

provided a *pro se* litigant is properly warned, even the most severe sanctions, including

striking an answer and entry of default judgment, may be imposed for failing to comply

with court-ordered discovery. *Setteducate*, 419 Fed.Appx. at 24-25 (citing *Bobal*, 916

F.2d at 764, and *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).  In

the instant action, Defendant received adequate warning in the September 4, 2012

Order to Show Cause, and does not deny nor provide any satisfactory explanation for

Defendant's discovery defaults.

Nor does Defendant's submission of the Letter Response preclude granting

Plaintiffs' Sanctions Motions.  The obsequious nature and hollowness of such response

is tantamount to no response.  *See Securities and Exchange Commission v. Great*

*American Technologies, Inc.*, 2009 WL 4885153, at * 3-4 (S.D.N.Y. Dec. 15, 2009) (*pro*

*se* defendant's appearance, after being warned of possible sanctions, including striking

answer and entry of default, only by letter conveying unwillingness to submit for court

ordered deposition without representation, followed by failure to attend deposition

before defendant, was willful and supported sanction of striking answer and entry of

default), *judgment entered by* 2010 WL 1416121, at * 1 (April 8, 2010) (overruling *pro*

*se* defendant's objections seeking to relitigate matters regarding circumstances of

defendant's disobedience to multiple court orders compelling defendant's appearance

for a deposition), *aff'd, sub nom., Setteducate*, 419 Fed.Appx. 23 (2d Cir. 2011).  In short, Defendant's belated and self-serving assertion that Plaintiff now wishes to defend Plaintiffs' claims is insufficient to avoid default.

As such, Plaintiffs' motion for sanctions, including striking Defendant's answer and entering default judgment against Defendant for failing to show good cause for not complying with discovery should be GRANTED.  Further, Plaintiffs' motion seeking summary judgment (Doc. No. 18) is DISMISSED as moot.  The matter should be referred back to the undersigned for further proceedings, including a hearing to establish Plaintiffs' damages.

### CONCLUSION

Based on the foregoing, Plaintiffs' motion for sanctions (Doc. No. 17), seeking to strike Defendant's answer (Doc. No. 7), as a sanction for failing to comply with discovery, with  default judgment entered in favor of Plaintiffs should be GRANTED; Plaintiffs' motion seeking summary judgment (Doc. No. 18) is DISMISSED as moot, without prejudice.

Respectfully submitted, as to the recommendation that default judgment be entered on behalf of Plaintiffs,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

SO ORDERED, as to the dismissal of Plaintiffs' motion for summary judgment.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      September 25, 2012
            Buffalo, New York

ORDERED that this Report and Recommendation be filed with the Clerk of the

Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of the Court within fourteen (14) days of service of this Report and

Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of

the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an**

**extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,*  474 U.S. 140 (1985); *Small v. Secretary of Health and Human*

*Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d

Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys

for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      September 25, 2012
            Buffalo, New York