```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| DISH NETWORK L.L.C.,<br>ECHOSTAR TECHNOLOGIES L.L.C., and<br>NAGRASTAR LLC,<br><br>                            Plaintiffs,<br>     v.<br><br>WILLIAM SCOTT,<br><br>                            Defendant. | **REPORT**<br>**and**<br>**RECOMMENDATION**<br>**and**<br>**ORDER**<br><br>11-CV-00500A(F) |

APPEARANCES:      HAGAN NOLL & BOYLE LLC
                             Attorneys for Plaintiffs
                             STEPHEN MATTHEW FERGUSON, of Counsel
                             820 Gessner
                             Suite 940
                             Houston, Texas 77024

                             COUGHLIN & GERHART, LLP
                             Attorneys for Plaintiffs
                             ROBERT R. JONES, of Counsel
                             19 Chenango Street
                             P.O. Box 2039
                             Binghamton, New York 13902-2039

                             WILLIAM SCOTT, *Pro Se*
                             6251 Raymond Road
                             Lockport, New York 14094

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on August 22, 2011, for all pretrial matters. Pending before the undersigned is Plaintiffs' motion (Doc. No. 17), filed January 9, 2012, for an order striking Defendant's answer as a sanction for failing to comply with discovery, and entry of default judgment, and for summary judgment (Doc. No. 18), filed January 18, 2012.

## BACKGROUND and FACTS[1]

Plaintiff DISH Network L.L.C. ("DISH Network"), is a multi-channel video provider delivering services to subscribers who pay a fee to receive such services. Plaintiff EchoStar Technologies L.L.C. ("EchoStar"), designs and delivers to DISH Network subscribers the equipment necessary to receive DISH Network satellite programming services, and NagraStar LLC ("NagraStar"), provides DISH Network with the technology forming a proprietary conditional access system, Digital Nagra Advanced Security Process, ("the access system"), which regulates what DISH Network programming DISH Network's authorized subscribers, based on their subscriptions, can receive.

On June 16, 2011, Plaintiffs filed a complaint alleging Defendant Scott Williams ("Williams"), by subscribing to a pirate television service operated by [www.dark-angel.ca](www.dark-angel.ca) ("Dark Angel"), located in Canada, unlawfully circumvented DISH Network's security system and received copyrighted, subscription-based DISH Network satellite television programming without authorization by or payment to DISH Network. Plaintiffs assert claims against Defendant under the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1) ("First Claim for Relief"), the Communications Act of 1934, 47 U.S.C. § 605(a) ("Second Claim for Relief"), and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520. Defendant's answer (Doc. No. 7), was filed on August 19, 2011.

Plaintiffs' inability to obtain Defendant's cooperation with initial and court-ordered discovery, as well as mediation, caused Plaintiffs to file, on January 9, 2012, the instant

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

motion (Doc. No. 17) ("Plaintiffs' Sanctions Motion") seeking a court order directing Defendant to appear and show cause why sanctions, including the severe sanction of striking the answer and entering default judgment against Defendant, should not be imposed, as well as granting Plaintiffs relief from the required alternative dispute resolution ordered by the Scheduling Order. Plaintiffs' Sanctions Motion is supported by the attached Declaration of Stephen M. Ferguson (Doc. No. 17-1) ("Ferguson Declaration"), with attached exhibits 1 through 8 ("Plaintiffs' Exh(s). __"), and a memorandum of law (Doc. No. 17-2) ("Plaintiffs' Memorandum"). Despite this court's order filed January 23, 2012 (Doc. No. 19), directing Defendant to file his response in opposition to Plaintiffs' Sanctions Motion by February 17, 2012, Defendant did not file any response.

On January 17, 2012, Plaintiffs filed a motion for summary judgment (Doc. No. 18) ("Plaintiffs' Summary Judgment Motion"), for which Defendant, by Order filed January 23, 2012 (Doc. No. 19), was given until February 17, 2012 to file a response. Defendant did not timely file any response to Plaintiffs' Summary Judgment Motion.

On September 4, 2012, Plaintiffs' Sanctions Motion was granted insofar as Defendant was ordered to show cause why the answer should not be stricken as a sanction for failing to comply with discovery and to participate in mediation, which would allow entry of default judgment against Defendant. Order to Show Cause (Doc. No. 20), at 8. In a separate order filed September 4, 2012 (Doc. No. 21) ("Summary Judgment Order"), Defendant was given ten days to file a response in opposition to Plaintiffs' Summary Judgment Motion, and admonished that failure to timely respond could result in granting summary judgment in favor of Plaintiffs. Summary Judgment

Order at 2. The undersigned also noted that the entry of default judgment against Defendant would render moot Plaintiffs' Summary Judgment Motion. *Id.* at 2 n. 1.

By letter dated September 14, 2012 (Doc. No. 22) ("Letter Response"), Defendant explains that he had assumed the instant action was "dropped" by Plaintiff, but that he was still interested in "fighting these allegations." Oral argument was deemed unnecessary.

Based on the following, Plaintiffs' Sanctions Motion (Doc. No. 17) should be GRANTED insofar as Plaintiffs seek to strike the answer and enter default judgment against Defendant; Plaintiffs' Summary Judgment Motion (Doc. No. 18), is DISMISSED as moot, without prejudice.

## **DISCUSSION**

The district court has wide discretion to impose sanctions against a party for failing to comply with court-ordered discovery, including, the severe sanctions of "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party . . . .". Fed.R.Civ.P. 37(b)(2)(A)(iii) and (vi). Rule 37 sanctions are applicable in 'extreme circumstances,' where 'a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (internal citation omitted). *See also Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990) ("[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." (internal quotation marks and citations omitted)). Factors to be

4

considered by the district court in exercising its discretion to impose Rule 37(b) sanctions include "(1) the willfulness of the noncompliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortgage Corporation*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and alteration omitted).

In the instant case, the record establishes that Defendant has repeatedly failed to comply with court-orders, including court-ordered discovery. Specifically, Defendant has failed to attend the November 3, 2011 scheduling conference, as directed by the September 21, 2011 Order, failed to comply with the November 4, 2011 Scheduling Order (Doc. No. 14) ("Scheduling Order") directing the exchange of Rule 26(a) disclosures by November 17, 2011, establishing that discovery was to conclude by February 16, 2012, and referring the case to mediation with the parties directed to confer and select a mediator, and file a stipulation confirming their selection by December 5, 2011, with the first mediation session to be held by January 17, 2012. Although Plaintiffs served Defendant on November 3, 2011, with their first set of interrogatories requests for production, and requests for admission ("Plaintiffs' discovery demands"), and served Defendant on November 16, 2011 with Plaintiffs' initial disclosures pursuant to Rule 26(a)(1), requesting Defendant provide Plaintiffs with the same, to date, Defendant has not provided any responses to Plaintiffs' discovery demands, nor any Rule 26(a)(1) disclosures.

Further, despite the Scheduling Order's direction that the parties file a stipulation confirming their selection of a mediator by December 5, 2011, and the parties agreeing

5

to the selection of Kevin M. Hogan, Esq. ("Hogan"), as the mediator with the first mediation session scheduled for January 17, 2012, Plaintiffs were unable to obtain Defendant's signature on the mediation stipulation until December 12, 2011 (Doc. No. 15) (Selection of Mediator Stipulation"), or to file the Selection of Mediator Stipulation until December 13, 2011.  Upon filing the Selection of Mediator Stipulation, Hogan's repeated attempts to confer with the parties regarding a propose mediation agreement and the procedures for the January 17, 2012 mediation session were fruitless because Defendant failed to respond to any of Hogan's emails or to sign any mediation agreement, and Plaintiffs' attorney's telephone calls to Defendant regarding mediation went unanswered.  Ferguson maintains Defendant has not answered or returned any of Ferguson's calls or emails since December 12, 2011.  Ferguson Declaration ¶ 7 and Plaintiffs' Exh. 8 (copies of emails from Ferguson and Hogan regarding mediation, which were also sent to Defendant without any response).  As a result of Defendant's failure to respond to attempts to schedule mediation, no mediation session was ever held.

In opposition to Plaintiffs' Sanctions Motion, Defendant asserts that it was his understanding, based on Plaintiffs' counsel's cancellation of the mediation, that Plaintiffs had "dropped" the matter.  Letter Response at 1.  Defendant further maintains that he does intend to continue litigating the allegations against him.  *Id.*  Defendant's response in opposition to Plaintiffs' motions is, however, insufficient to avoid entry of default.

In particular, Defendant, in his Letter Response, fails to explain or offer any reason or excuse for his lack of compliance with court orders and failure to participate

in discovery and mediation.[2]  Significantly, copies of relevant emails exchanged between Hogan and the parties submitted by Plaintiffs in support of their motion for sanctions, the authenticity of which Defendant does not challenge, corroborates the difficulties Plaintiffs describe in trying to obtain Defendant's cooperation with mediation as well as in obtaining Defendant's required responses to discovery.  *See* Plaintiffs' Exhs. 1 through 8.[3]  Defendant's assertion that he assumed, based on Ferguson's cancellation of the mediation session, that Plaintiffs had "dropped" the case, Letter Response at 1, is implausible, especially given that a plain reading of Plaintiffs's Sanctions Motion and Summary Judgment Motion, establish Plaintiffs were, since January 2012, seeking termination of the action in their favor based on Defendant's continued noncompliance, to which Defendant, despite being ordered to file his response by February 17, 2012, January 23, 2012 Order (Doc. No. 19), failed to file any response.  Defendant does not assert he was not served with Plaintiffs' motions, nor does Defendant's response contest Plaintiffs' allegations of Defendant's refusal to respond to mediation attempts and required discovery.  As such, Defendant's failures to respond, despite being warned that Defendant's inaction may warrant entry of a default judgment against him, remain unexcused, such that Defendant's noncompliance with all court orders and discovery can only be considered willful.

The efficacy of lesser sanctions is not realistic given that, despite being specifically warned that failure to show good cause for not complying with court-ordered

---

[2] The court notes that the Letter Response, the substance of which is comprised of a single paragraph of nine lines, does not indicate whether it was filed in response to Plaintiffs' Sanctions Motion or Summary Judgment Motion.

[3] Plaintiffs' exhibits are attached to Plaintiff's Motion for Sanctions.

discovery and mediation could result in the court striking Defendant's answer and entering default against Defendant, the only excuse contained in Defendant's Letter Response is so illogical and unreasonable as to be the equivalent of no response. *See Securities and Exchange Commission v. Setteducate*, 419 Fed.Appx. 23, 25 (2d Cir. 2011) ("the record demonstrates that a lesser sanction would have been ineffective in light of [*pro se* defendant's] repeated and unwavering refusal to attend his deposition.").

As to the duration of Defendant's non-compliance, the record establishes that Defendant's only participation in this action since filing his answer on August 19, 2011, was to confer with Plaintiffs by telephone on October 13, 2011 with regard to the proposed discovery plan and case management order, *see* Joint Proposed Discovery Plan and Proposed Case Management Order (Doc. No. 12), filed October 20, 2011, and to sign on December 12, 2011, the Stipulation of Selection of Mediator (Doc. No. 15), albeit one week after the deadline as established by the November 4, 2011 Scheduling Order, and only after Plaintiffs and Hogan repeatedly emailed and placed telephone calls to Defendant in an effort to obtain Defendants' cooperation. Ferguson Declaration ¶¶ 5 and 6; Plaintiffs' Exhs. 5-7. Despite belatedly obtaining Defendant's signature on the Stipulation of Selection of Mediator, Defendant continued to fail to respond to emails and telephone calls seeking to confer and discuss mediation procedures, resulting in a cancellation of the mediation. Ferguson Declaration ¶ 7; Plaintiffs' Exh. 8. Such failure to participate in discovery and cancellation of court-ordered mediation has delayed litigation of this matter. Significantly, the Second Circuit Court of Appeals has affirmed the striking of a *pro se* defendant's answer and entry of default judgment under similar circumstances. *See Sette*, 419 Fed.Appx. at 24-25 (*pro*

*se* defendant repeatedly failed to comply with court ordered discovery, despite being scheduled in accordance with dates chosen by the defendant, such that defendant's "behavior was consistent with a deliberate strategy to delay resolution of the case. . . .").

Furthermore, although the most severe sanctions should not be imposed against a *pro se* litigant absent a warning that noncompliance can result in such sanctions, provided a *pro se* litigant is properly warned, even the most severe sanctions, including striking an answer and entry of default judgment, may be imposed for failing to comply with court-ordered discovery. *Setteducate*, 419 Fed.Appx. at 24-25 (citing *Bobal*, 916 F.2d at 764, and *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)). In the instant action, Defendant received adequate warning in the September 4, 2012 Order to Show Cause, and does not deny nor provide any satisfactory explanation for Defendant's discovery defaults.

Nor does Defendant's submission of the Letter Response preclude granting Plaintiffs' Sanctions Motions. The obsequious nature and hollowness of such response is tantamount to no response. *See Securities and Exchange Commission v. Great American Technologies, Inc.*, 2009 WL 4885153, at * 3-4 (S.D.N.Y. Dec. 15, 2009) (*pro se* defendant's appearance, after being warned of possible sanctions, including striking answer and entry of default, only by letter conveying unwillingness to submit for court ordered deposition without representation, followed by failure to attend deposition before defendant, was willful and supported sanction of striking answer and entry of default), *judgment entered by* 2010 WL 1416121, at * 1 (April 8, 2010) (overruling *pro se* defendant's objections seeking to relitigate matters regarding circumstances of defendant's disobedience to multiple court orders compelling defendant's appearance

9

for a deposition), *aff'd, sub nom., Setteducate*, 419 Fed.Appx. 23 (2d Cir. 2011). In short, Defendant's belated and self-serving assertion that Plaintiff now wishes to defend Plaintiffs' claims is insufficient to avoid default.

As such, Plaintiffs' motion for sanctions, including striking Defendant's answer and entering default judgment against Defendant for failing to show good cause for not complying with discovery should be GRANTED. Further, Plaintiffs' motion seeking summary judgment (Doc. No. 18) is DISMISSED as moot. The matter should be referred back to the undersigned for further proceedings, including a hearing to establish Plaintiffs' damages.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' motion for sanctions (Doc. No. 17), seeking to strike Defendant's answer (Doc. No. 7), as a sanction for failing to comply with discovery, with default judgment entered in favor of Plaintiffs should be GRANTED; Plaintiffs' motion seeking summary judgment (Doc. No. 18) is DISMISSED as moot, without prejudice.

Respectfully submitted, as to the recommendation that default judgment be entered on behalf of Plaintiffs,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

SO ORDERED, as to the dismissal of Plaintiffs' motion for summary judgment.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 25, 2012
           Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    September 25, 2012
               Buffalo, New York