UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DISH NETWORK L.L.C.,
ECHOSTAR TECHNOLOGIES L.L.C., and **REPORT**
NAGRASTAR LLC, **and**
 **RECOMMENDATION**
                      Plaintiffs, **and**
       v. **ORDER**

WILLIAM SCOTT,           11-CV-00500A(F)

                      Defendant.

---

APPEARANCES:    HAGAN NOLL & BOYLE LLC
                      Attorneys for Plaintiffs
                      STEPHEN MATTHEW FERGUSON, of Counsel
                      820 Gessner
                      Suite 940
                      Houston, Texas 77024

                      COUGHLIN & GERHART, LLP
                      Attorneys for Plaintiffs
                      ROBERT R. JONES, of Counsel
                      19 Chenango Street
                      P.O. Box 2039
                      Binghamton, New York 13902-2039

                      WILLIAM SCOTT, *Pro Se*
                      6251 Raymond Road
                      Lockport, New York 14094

## **JURISDICTION**

This case was referred to the undersigned by Honorable Richard J. Arcara on August 22, 2011, for all pretrial matters. Pending before the undersigned is Plaintiffs' motion (Doc. No. 25), filed October 19, 2012, for a default judgment.

## BACKGROUND and FACTS[1]

Plaintiffs to this action include DISH Network L.L.C. ("DISH Network"), a multi-channel video provider delivering services to subscribers who pay a fee to receive such services, NagraStar LLC ("NagraStar"), who provides DISH Network with the technology forming a proprietary conditional access system, and Digital Nagra Advanced Security Process, ("the access system"), which regulates what DISH Network programming DISH Network's authorized subscribers, based on their subscriptions, can receive (together, "Plaintiffs"). Plaintiffs commenced this action on June 16, 2011 alleging Defendant Scott Williams ("Williams" or "Defendant"), by subscribing to a pirate television service, located in Canada, unlawfully circumvented DISH Network's security system and received copyrighted, subscription-based DISH Network satellite television programming without authorization by or payment to DISH Network, in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1) ("First Claim for Relief"), the Communications Act of 1934, 47 U.S.C. § 605(a) ("Second Claim for Relief"), and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520. Although Defendant's answer (Doc. No. 7), was filed on August 19, 2011, in a Report and Recommendation filed September 25, 2012 (Doc. No. 23) ("R&R"), the undersigned recommended default be entered against Defendant as a sanction for failing to comply with discovery or to participate in mediation. By Order filed October 17, 2012 (Doc. No. 24), Judge Arcara, no objections to the R&R having been filed, adopted the R&R and referred the matter back to the undersigned for further proceedings.

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

On October 19, 2012, Plaintiffs filed the instant motion (Doc. No. 25) ("Plaintiff's motion") seeking entry of default judgment, statutory damages, and attorneys fees and costs, attaching the Declaration of Stephen Ferguson, Esq. in Support of Plaintiffs' Motion for Default Judgment (Doc. No. 25-1) ("Ferguson Declaration"), and the Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment (Doc. No. 25-2) ("Plaintiffs' Memorandum").

On October 22, 2012, the undersigned ordered the Clerk of the Court to enter a default pursuant to Fed.R.Civ.P. 55(1) (Doc. No. 26), and Entry of Default (Doc. No. 28), was filed. That same day, the undersigned ordered Plaintiffs to file an affidavit in support of their request for attorney's fees and costs, and granting Defendant an opportunity to file any response opposing the request (Doc. No. 27).

Accordingly, on October 29, 2012, Plaintiffs filed the Declaration of Stephen Ferguson, Esq., in Support of Plaintiffs' Request for Attorneys' Fees and Costs (Doc. No. 31) ("Supplemental Ferguson Declaration"), attaching exhibits ("Plaintiffs' Exh(s). __"). To date, Defendant has not filed any response opposing Plaintiffs' motion or the representations contained in the Supplemental Ferguson Declaration.

Based on the following, Plaintiffs' motion for default judgment (Doc. No. 25), should be GRANTED.

## DISCUSSION

**1.  Default Judgment**

Plaintiffs seek entry of default judgment for the ECPA violation. Plaintiffs' Memorandum at 2-4. The Federal Rules of Civil Procedure provide a two-step process

3

for obtaining a default judgement in federal district court. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, the party seeking a default judgment must obtain a default. *Id*. In the instant case, the first step was completed when default was entered on October 22, 2012 (Doc. No. 28).

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *Green*, 420 F.3d at 104. Upon entry of default, all the well-pleaded allegations of the complaint are accepted as true. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court, however, must still determine whether, based on the complaint's well-pleaded allegations, the complaint states a claim upon which relief can be granted. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (holding "a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action"). A default judgment entered on the well-pleaded allegations of the complaint establishes a defendant's liability. *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). Upon establishing a defendant's liability, the only remaining question is whether the plaintiff has provided adequate evidentiary support for the damages sought. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

With regard to the instant action, 18 U.S.C. § 2511(1)(a) ("§ 2511(1)(a)"), provides that "any person who . . . intentionally intercepts . . . any wire, oral or electronic communication . . . shall be subject to suit." This court has previously held that encrypted broadcasts of satellite television programming, such as those transmitted by

4

DISH Network, are "electronic communications" under the ECPA. *DISH Network L.L.C. v. DelVecchio*, 831 F.Supp.2d 595, 598 (W.D.N.Y. 2011) (holding satellite television provider entitled to default judgment against consumer who circumvented provider's security system to receive encrypted, copyrighted, subscription-based television programming without authorization from or payment to provider in violation of ECPA). In the instant case, Plaintiffs have adequately pleaded that Defendant, by subscribing to a pirate internet key sharing ("IKS") television service operated by www.dark-angel.ca ("Dark Angel IKS"), located in Canada, unlawfully circumvented DISH Network's security system by using an unauthorized receiver provided by Dark Angel IKS, programmed with piracy-enabling software, utilizing a control or "key" word that descrambled DISH Network's satellite signal, thereby enabling Defendant to receive copyrighted, subscription-based DISH Network satellite television programming without authorization by or payment to DISH Network. Complaint ¶¶ 24-26, 39. Plaintiffs further alleged Defendant's interceptions of the satellite television programming were the result of deliberate acts intended to exploit Dark Angel IKS's service, and were not accidental. *Id*. Plaintiffs' complaint thus sufficiently pleads facts to show a plausible claim for relief, and Defendant therefor is liable to Plaintiff under 18 U.S.C. § 2511(1)(a), for which the court may award damages under 18 U.S.C. § 2520(c)(2).

**2.      Statutory Damages**

Plaintiffs seeks $ 10,000 in statutory damages under 18 U.S.C. § 2520(c)(2). Plaintiffs' Memorandum at 5-6. No hearing under Fed.R.Civ.P. 55(b)(2) is required provided there "'is a basis for the damages specified in the default judgment.'"

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).  As relevant, 18 U.S.C. § 2520(c)(2) specifically provides that in any action for an intentional interception of a scrambled or encrypted electronic communication,

> the court may assess as damages whichever is the greater of- -
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> (B) statutory damages of whichever is the greater of $ 100 a day for each day of violation or $ 10,000.

18 U.S.C. § 2520(c)(2).

Here, there is a basis for the requested award of $ 10,000 statutory damages.

In a similar action within this district, *DISH Network L.L.C. v. DelVecchio*, 11-CV-6297 ("*DelVecchio*"), the same Plaintiffs as in the instant case asserted almost identical claims against the defendant.  Significantly, in *DelVecchio*, the defendant was alleged to have only subscribed to Dark Angel IKS one time, see *Delvecchio* Complaint, Doc. No. 1, 11-CV-6279 ¶ 24 (alleging Dark Angel's business records indicated a single subscription to Dark Angel IKS on May 18, 2010),  yet the full amount of statutory damages available under 18 U.S.C. § 2520(c)(2) was awarded.  In the instant case, Plaintiffs allege Defendant subscribed to Dark Angel twice, including on February 28, and May 27, 2010.  Complaint ¶ 24.  Although in *DelVecchio*, the court recognized that some courts have found the statutory damages of $ 10,000 to be excessive, *DelVecchio*, 831 F.Supp.2d at 600, courts within the Second Circuit have found § 2520(c)(2) gives a district court the discretion to award the statutory maximum, or no damages, but no discretion to award an amount in between.  *Id.* (citing *DirecTV, Inc. v. Perrier*, 2004 WL 941641, at * 4 (W.D.N.Y. March 15, 2004) ("the court's discretion

extends only to granting damages strictly as provided in the statute or not granting damages at all; the court has no discretion to award damages in any amount between the two statutory choices."). The court's construction of 18 U.S.C. § 2520(c)(2) is consistent with the plain language of the statute.

Accordingly, Plaintiff's request for an award of $ 10,000 in statutory damages pursuant to 18 U.S.C. § 2520(c)(2), should be GRANTED.

### 3.     **Permanent Injunction**

Plaintiffs' request for a permanent injunction should also be granted. The ECPA authorizes courts to grant appropriate relief including preliminary and other equitable or declaratory relief as may be appropriate. 18 U.S.C. § 2520(b)(2). The criteria for the issuance of a permanent injunction requires a plaintiff demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

The record in the instant case establishes that based on Defendant's conduct, Plaintiffs have suffered irreparable injury attributed to the piracy of their encrypted television programming service. While the statutory damages available are significant, they are inadequate to prevent future piracy without injunctive relief. The only hardship to Defendant from this injunction would be to prevent him from engaging in further

7

illegal activity, so the balance clearly weighs in Plaintiffs' favor. Nor is the public interest disserved by an injunction as it will help protect copyrights and help enforce federal law against similar acts in the future and avoid the need for piecemeal litigation to enforce Plaintiffs' rights. Accordingly, the criteria for a permanent injunction have been met. Plaintiff's request for an injunction permanently enjoining Defendant from intercepting Plaintiffs' encrypted satellite communications or assisting anyone else in doing so should be GRANTED.

4.  **Attorneys' Fees**

Plaintiff also requests an award of attorney's fees of $ 11, 793.60, and costs in the amount of $ 667.52, incurred in connection with this action. Plaintiffs' Memorandum at 11; Supplemental Ferguson Declaration ¶¶ 2-6. Defendant has not raised any challenge to this request.

The ECPA includes a fee-shifting statute, permitting Plaintiffs to recover "a reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. § 2520(b)(3). In calculating an award of attorney fees, "courts typically use a 'lodestar' figure as a starting point . . . calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved." *Kapoor v. Rosenthal*, 269 F.Supp.2d 408, 412 (S.D.N.Y. 2003) (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). Although there is a strong presumption that the lodestar figure represents a reasonable fee, *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 564-65, the court may nevertheless adjust the lodestar figure based on several considerations, the "most critical factor" of which is

the degree of success obtained.  *Hensley*, *supra*, 461 U.S. at 434, 436; *Farrar v. Hobby*, 506 U.. 103, 114 (1992).  Other factors to be considered include the time and labor required, the novelty and difficulty of the legal issues in the case, and the attorney's ability.  *Hensley*, *supra*, at 430 n. 3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

The burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed and the court may reduce the award in accordance with inadequate documentation.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar calculation should exclude fees for work that "is excessive, redundant or otherwise unnecessary," *Hensley*, *supra*, at 434, as well as hours dedicated to severable unsuccessful claims.  *Quarantino v. Tiffany & Co.*, 129 F.3d 702, 705 (2d Cir. 1997) (citing *Hensley*, *supra*, at 433-35).  A reasonable hourly rate is usually the prevailing market rate "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 896 (1984).  Further, to prevent the court from reviewing and ruling on each item for which reimbursement is requested, courts have permitted a percentage-based reduction from the number of hours submitted as a means of trimming excess time from the fee request.  *Walker v. Coughlin*, 909 F.Supp. 872, 881 (W.D.N.Y. 1995) (making a 15 % reduction in the total number of non-travel hours requested) (citing cases); *see also New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) (holding that courts have endorsed percentage cuts as a practical means of "trimming fat" from a fee application).

The Second Circuit recently directed "district courts, in calculating the

presumptively reasonable fee, 'to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.'" *Simmons v. New York City Transit Authority*, 575 F.3d 170, (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Id*. (quoting *Arbor Hill*, 493 F.3d at 112, 118). Further, courts should generally use the hourly rates employed in the district in calculating the presumptively reasonable attorney's fee, and may apply an "out-of-district" rate only where, based on case-specific variables, "'it is clear that a reasonable, paying client would have paid those higher rates.'" *Id*. at 174 (*quoting Ann Arbor*, 483 F.3d at 119).

In the instant case, Plaintiffs seek reimbursement only for the hours charged by Ferguson whose hourly rate is reasonable, yet the number of hours claimed seem excessive given the similarity of the complaint and motion papers filed in this action, compared to similar actions, including *DelVecchio*, in which the allegations of the complaint are nearly identical to those in the Complaint filed in this action. As such, the court finds an 'across-the-board' reduction of 25% in the number of hours worked is appropriate to 'trim the fat.' Accordingly, Plaintiffs should be awarded $ 8,845.20 in attorney's fees in connection with this action.

The costs, however, are reasonable and are supported by receipts. As such, no reduction in the amount of costs sought is warranted.

Plaintiffs should be awarded attorneys' fees incurred in connection with this action in the amount of $ 8,845.20, and costs in the amount of $ 667.52.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for a default judgment (Doc. No. 25), should be GRANTED, statutory damages should be awarded of $ 10,000, costs of $ 667.52 and attorney's fees of $ 8,845.20 should be awarded, and a permanent injunction should be GRANTED. The Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 26, 2013
Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

  ──────────────────────────────
  LESLIE G. FOSCHIO
  UNITED STATES MAGISTRATE JUDGE

DATED: September 26, 2013
       Buffalo, New York